## Seth F. Hanchett
### v.
## Paul J. Sorg et al.

Vendor and vendee—Replevin—Disaffirmance of contract—Return of acceptance.—Where the vendor of goods, sold on a credit, elects to disaffirm the sale for the fraudulent misrepresentations of the vendee in obtaining the goods, if the vendor received a note or acceptance in payment of the goods, he must first return or offer to return such note or acceptance before he is in a position to bring a suit of replevin for the goods.

Error to the Circuit Court of Cook county; the Hon. William H. Barnum, Judge, presiding. Opinion filed November 11, 1884.

This was replevin brought by the defendants in error, Sorg and Huer, against the plaintiff in error, Hanchett, and Benjamin B. Fay and Lucius W. Conkey, to recover the possession of a quantity of tobacco sold by the defendants in error to Fay and Conkey upon credit, and which had been seized by Hanchett, as sheriff, under certain executions against Fay and Conkey. The declaration contained counts in replevin in the *cepit* and *detinet*, also a count in trover.

To the counts in replevin, the defendants pleaded jointly *non cepit, non detinet*, property in Fay and Conkey and property in Hanchett, and to the count in trover, not guilty. Hanchett filed a separate plea justifying the taking of the property by him as sheriff under certain executions issued out of the Superior Court of Cook county, in favor of various creditors of Fay and Conkey, and alleging that the property was the property of Fay and Conkey and not the property of the plaintiffs. These several pleas were traversed by replications upon which issues were joined to the country. The case was tried by a jury who found the issues for the plaintiffs and assessed their damages at one cent.

There was a motion for a new trial, which was sustained as to Fay and Conkey and denied as to Hanchett, whereupon the plaintiffs dismissed their suit as to Fay and Conkey, and

judgment upon the verdict being rendered against Hanchett, he excepted and brought the case here by writ of error. The facts sufficiently appear in the opinion of the court.

Messrs. FLOWER, REMY & GREGORY for plaintiff in error; cited Doane v. Lockwood. (Illinois Supreme Court opinion not yet reported.)

Messrs. RUBENS & AMES, for defendants in error.

WILSON, P. J. In the view we are constrained to take of the case it is only necessary to pass upon a single question, as that will dispose of the present suit. The controversy grows out of a quantity of tobacco sold by the plaintiffs below to Fay and Conkey, wholesale grocers in Chicago, the plaintiffs claiming that they were induced to make the sale on credit by false representations by Fay and Conkey as to their solvency and financial standing. The plaintiffs were manufacturers of tobacco at Middletown, Ohio, and shipped the goods in question, with other goods, to Fay and Conkey, on their order, upon a credit of ninety days, taking their acceptance for the amount of the purchase price. There was evidence tending to show that Fay and Conkey had made fraudulent misrepresentations to the plaintiffs as to their solvency and financial standing, by reason of which the plaintiffs were induced to sell them the goods on credit, and also tending to show that Fay and Conkey were, at the time of ordering the goods, insolvent.

Claiming the right to disaffirm the sale and rescind the contract by reason of the misrepresentations and insolvency of Fay and Conkey, the plaintiffs instituted the present suit without having returned, or offered to return, the acceptance taken in payment for the goods before the bringing of the suit.

It appears that during the trial the acceptance was produced in court by the plaintiffs' counsel, accompanied with an offer to surrender it to Fay and Conkey, neither of whom, however, was present, and their counsel declined to receive it for them.

At the close of the plaintiffs' evidence the defendants' counsel moved the court to direct the jury to find for the defendants, upon the ground that the plaintiffs had failed to return, or offer to return, the acceptance given in payment of the goods replevied before the suit was commenced; which motion the court denied and the defendants excepted. The court instructed the jury, in substance, that the fact that an acceptance was given by Fay and Conkey to the plaintiffs was no bar to a recovery if the plaintiffs were otherwise entitled to recover under the evidence, and that the offer to surrender the acceptance on the trial placed the plaintiffs' case in the same position as though no acceptance had been given.

We find it unnecessary to enter upon a discussion of the law applicable to the facts of the present case, since the Supreme Court in the recent case of Doane v. Lockwood, a case entirely like, in its essential features, to the one in hand, have reviewed its previous decisions on this subject, and have laid down the rule that where the vendor of goods, sold on a credit, elects to disaffirm the sale for the fraudulent misrepresentations of the vendee in obtaining the goods, if the vendor received a note or acceptance in payment of the goods, he must first return, or offer to return, such note or acceptance before he is in a position to bring a suit for the recovery of the goods; that until he has done so the rescission of the contract of sale is not complete, the vendor not having put the vendee *in statu quo;* and, hence, is not entitled to the possession of the goods, at the time of suit brought. Doane v. Lockwood, opinion not yet published. "The title of the fraudulent purchaser," says the court, "is voidable at the election of the vendor; that is, the vendor may at will rescind the sale by restoring, or offering to restore, what he has received, and when so rescinded the case stands as though no sale had been made; the original taking is then regarded as a tortious taking without the consent of the vendor, and the title to the goods at once becomes reinvested in the vendor as though it had never been divested. Until that is done the title is not in the vendor, nor is the right of immediate possession."    *    *    "It must be observed that the issue in such cases is, were the goods the

property of the plaintiff when the action was begun. The sale not having been successfully rescinded until the notes were surrendered in court, after the goods were taken on the writ, the property, when the writ issued, was in Lockwood, and had not at that time been divested by a successful rescinding by Doane."

This decision had not been promulgated when the present case was tried, and the learned judge was doubtless controlled by what he understood to be a different ruling in Ryan v. Brant, 42 Ill. 78.

The case of Doane v. Lockwood is decisive of the present suit, and by it we are bound. The plaintiffs not having returned nor offered to return the acceptance given for the goods, before the bringing of suit, were not entitled to their possession, and so had no right to bring replevin.

The judgment of the court below is reversed and the cause remanded for further proceedings.

Reversed and remanded.